UNITED STATES DISTRICT COURT

IN THE DISTRICT OF NORTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DONNA KNICELY,<br><br>      Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>      Defendant. | Case No.<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*; and<br>2. Intrusion Upon Seclusion |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Donna Knicely ("Plaintiff"), by and through her attorneys, alleges the following against Defendant Capital One Bank (USA), N.A. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

5. Plaintiff is a natural person residing in Williston, Williams County, North Dakota.

6. Defendant is a financial institution with its principal place of business located in McLean, Virginia.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. In or around June 2018, in an attempt to collect on one or more alleged consumer accounts, Defendant began calling Plaintiff on her cellular phone number ending in 2004.

9. Defendant called Plaintiff from (800) 955-6600 and (800) 365-2024.

10. Upon information and belief, Defendant owns and operates the phone numbers.

11. On or about July 9, 2018, at 11:56 a.m., Plaintiff received a call on her cellular telephone from (800) 955-6600. During this conversation, Plaintiff spoke with Betty; at which point Plaintiff unequivocally revoked consent to be contacted any further.

12. Despite revoking consent, Plaintiff received a phone call the same day at 12:04 p.m., from (800) 365-2024, and once again Plaintiff requested not to be contacted on her cellular telephone.

13. The very next day, on July 10, 2018, at 6:37 p.m., Plaintiff received a call on her cellular telephone from (800) 365-2024. During this call, Plaintiff, for a third time, unequivocally revoked consent to be contacted any further.

14. Despite Plaintiff's pleas, Defendant continued to call Plaintiff on her cellular telephone without her consent.

15. On or about July 20, 2018, at 2:14 p.m., Plaintiff received a phone call on her cellular telephone from (800) 365-2024. During this call Plaintiff unequivocally requested not to be contacted any further for a fourth time.

16. Despite requesting not to be called on four different occasions, Plaintiff continued to receive phone calls from Defendant.

17. Defendant also called after 9:00 p.m. more than once.

18. For example, Defendant called on August 2, 2018, at 9:02 p.m. and then on August 27, 2018, at 9:50 p.m.

19. Between July 9, 2018 and October 25, 2018, Defendant willfully called Plaintiff on her cellular phone approximately one hundred sixty-five (165) times to annoy and harass Plaintiff in the hopes that it could induce Plaintiff to pay the debt.

20. Upon information and belief, each time Plaintiff received a phone call from Defendant there was a brief pause prior to speaking with a representative, indicating the use of an automatic telephone dialing system.

21. Defendant called Plaintiff up to four (4) times a day, further indicating the use of an automatic telephone dialing system.

22. For example, on September 11, 2018, Defendant called at 1:12 p.m., 1:40 p.m., 6:21 p.m., and 7:50 p.m.

23. On many occasions, Defendant also left pre-recorded or artificial voice messages for Plaintiff without her consent.

24. The majority of the calls that Plaintiff received were during working hours, which often led to interruptions in her workday.

25. Plaintiff is employed as a safety technician for a trucking company, which requires her to be away from her office and drive several times a day.

26. Unfortunately, due to the constant calls from Defendant, Plaintiff would often have to stop focusing on her job to see who was calling, or even worse, see who was calling while she was driving.

27. Prior to falling behind on her payments, Plaintiff was working two jobs until she injured her back and was no longer able to work the second job.

28. Plaintiff has been struggling financially and has been working hard to stay on top of her financial obligations.

29. Plaintiff is under an immense amount of stress and Defendant's calls have only exacerbated her stress.

30. Due to Defendant's actions, Plaintiff has suffered emotional distress, mental anguish, and invasion of privacy.

31. It should also be noted that Plaintiff attempted to resolve this matter pre-suit when Plaintiff's counsel forwarded the complaint to Defendant's national outside counsel on September 21, 2018.

32. Once Defendant's counsel received the complaint, Defendant continued to call Plaintiff until October 25, 2018.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227 *et seq.*)

33. Plaintiff incorporates by reference paragraphs one (1) through thirty-two (32) of this Complaint as though fully stated herein.

34. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b.    Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

35.    Defendant violated the TCPA when it called Plaintiff's cell phone with an ATDS approximately one hundred sixty-five (165) times without her consent and also when it left numerous artificial or pre-recorded messages.

36.    As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

## COUNT II

### (Intrusion Upon Seclusion)

37.    Plaintiff incorporates by reference paragraphs one (1) through thirty-six (36) of this Complaint as though fully stated herein.

38.    Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

39.    Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a.    Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

  b. The number and frequency of the telephone calls to Plaintiff by Defendant after several requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

  c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted her work schedule.

  d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

40. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Donna Knicely, respectfully requests judgment be entered against Defendant Capital One Bank (USA), N.A. for the following:

41. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3)(B);

42. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3);

43. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

44. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 26th day of October 2018.

              By: */s/ Tyler Holyfield*
              Tyler Holyfield, Esq.
              **Price Law Group, APC**
              8245 N 85th Way
              Scottsdale, AZ 85258
              T: (818) 600-5529
              F: (818) 600-5429
              tyler@pricelawgroup.com
              *Attorneys for Plaintiff Donna Knicely*